Howell, J.
This is a suit for damages based on the violation of an alleged agreement between the parties.
Plaintiff alleges that, finding his business in this city becoming- embarrassed- by the failure of his former partner to pay his proportion of the partnership debts, he called upon the defendants, who had obtained a judgment against his firm on their note for $347 25, and entered into an agreement with them to the effect that the latter would not issue execution or proceed against him in any manner, until his return from New York, which place- he should have ample time to visit, and obtain an extension of credit from his creditors in said city; that on the faith of said agreement he left-for New York on 19th January, 1860; had interviews with his creditors; returned as speedily as possible, arriving here on 15th February following, and found his store seized and closed under a fieri facias issued by defendants, since the 4th of the same month, whereupon he paid-the said judgment, interest and costs, by reason of all which he sustained damage in the loss of trade, loss of customers, injury to mercantile standing and reputation, and to his mind and feelings, to the amount of ten thousand dollars. Defendants filed a general denial, and after trial' judgment was rendered against them by the District Judge for the sum claimed, from which they have appealed.
Defendants objected to parol proof of the alleged agreement as in violation of a rule of Court, prescribing that “ no private agreement or consent between the parties or their counsel, relative to the progress of any cause, shall be alleged or suggested by either of them against the other, *213 unless the evidence thereof shall be in writing, subscribed by the party against whom it shall be alleged or suggested, or by his counsel.”
We think this rule applies to the mode of conducting, and the management of a cause before the Court in which it is pending, and not agreements, which may give rise to a cause of action in another suit, and which are subject to other rules of evidence.
The proofs, in our opinion, do not sustain the judgment of the lower Court. Admitting that the agreement of defendants, as alleged, not to-issue execution or proceed against plaintiff in any manner, until he could go to New York, get an extension from all his creditors there and return, is satisfactorily proven, the evidence does not afford the data for estimating accurately the damage caused by the acts of defendants, beyond the costs of keeping the property and making the inventory. The opinions of witnesses, engaged in the same business, upon this question, derive weight only from the facts and data upon which they are based being made known; for in no other way can the Court judge of the correctness of their estimate and receive it as proof. This has not been done in this case. The evidence as to the amount of business done in plaintiff’s establishment, at the date of the seizure, if of any weight in this respect, shows that there were funds enough on hand to pay defendants’ claim and avoid a seizure; but there is no evidence of the profits of which he was deprived or the actual loss in trade, or reputation.
But we do not think plaintiff has shown any such agreement on the part of defendants as precluded them from proceeding as they did under the circumstances. They certainly had the legal right to execute their judgment against him, and any waiver or suspension of that right must be made clearly and explicitly to appear. Plaintiff declares, on their positive agreement not to issue an execution or proceed in any manner against him until he should have ample time to visit New York, and accomplish his purpose of procuring an extension from all his creditors there. From the testimony of his only witness on this point, it is clear that defendants were unwilling to bind themselves positively in advance, and refused to make any written agreement on the subject.
We conclude, from the evidence, that plaintiff was referred to one of defendants’ firm, then in New York, and that the member here would not move in the matter until he could hear something from New York through his partner, then there.
It was after the return of this partner, and the lapse of sufficient time to hear from plaintiff, that the seizure was made.
To recover, it was incumbent on plaintiff to make out his case with legal certainty, which he has failed to do. 17 A. 239.
It is therefore ordered, that the judgment appealed from be reversed, and that there be judgment against plaintiff as of nonsuit, with costs in both courts.